UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-305-JBC

YVONNE DAY, et al.,                                                                                PLAINTIFFS,

V.                          MEMORANDUM OPINION & ORDER

FORTUNE HI-TECH MARKETING, et al.,                                                DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the plaintiffs' motion to alter or amend the court's order compelling arbitration and dismissing this action, R.67.  For the following reasons, the court will grant the motion.

I. Background

The plaintiffs, as former individual representatives ("IRs") of Fortune Hi-Tech Marketing, Inc. ("FHTM"), filed suit against the defendants, including FHTM, FHTM officers, and other individuals, for alleged violations of Title 18 U.S.C. § 1961-1968 "RICO" laws, the Kentucky Consumer Protection Act under KRS § 367, and Kentucky common law torts.  The defendants moved to compel arbitration of the claims, and the court granted the motion, dismissing the action and submitting all of the claims to arbitration.

The plaintiffs now ask the court to reconsider on four grounds: (1) that the court has jurisdiction to address the issue of whether the alleged arbitration agreement was supported by consideration; (2) that the court should not apply the

1

FAA presumption favoring arbitration to its analysis of whether an agreement was formed; (3) that the FHTM sponsors had no actual implied authority to bind the plaintiffs to an arbitration agreement and that the plaintiffs are entitled to a jury trial on any factual disputes; and (4) that the plaintiffs did not ratify their contracts with FHTM. The court reviews the motion under Fed. R. Civ. P. 59 (e) for a showing of "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2005). Upon review, the court finds that it has jurisdiction to address the issue of whether the alleged arbitration agreement was supported by consideration and will analyze the issue accordingly. The court will also clarify its position on the FAA presumption favoring arbitration. However, because the court finds that the alleged arbitration agreement was not supported by consideration, it will not review the issues of implied authority and ratification; rather, it will rescind its prior findings on those issues.

   **II. Analysis**

   The court has jurisdiction to address the plaintiffs' consideration argument because "where the dispute at issue concerns contract formation, the dispute is generally for courts to decide." *Granite Rock v. Int'l Brotherhood of Teamsters*, 130 S. Ct. 2847, 2855-2856 (2010). The court previously erred in applying *Buckeye Check Cashing v. Cardegna*, 546 U.S. 440, 445-46 (2006), which involved a challenge to an existing agreement rather than a claim that no arbitration

2

agreement was reached.  "Every contract requires mutual assent and consideration," so an inquiry into consideration is part of the contract-formation analysis.  *Cuppy v. Gen. Accidental Fire & Life Assurance Corp.*, 378 S.W.2d 629, 632 (Ky. 1964); *see also Cantrell Supply v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 384 (Ky. App. 2002).  Even though the plaintiffs' argument – that the FHTM policies and procedures document is illusory and lacks consideration – implicates the entire alleged contract between the parties and not just the arbitration agreement, *see Moran v. Svete*, 366 Fed. Appx. 624, 631 (6th Cir. 2010), the court has jurisdiction under *Granite Rock* to review the consideration dispute because it concerns contract formation.  Even though the federal presumption in favor of arbitration is taken into consideration when making determinations on the scope of arbitrable issues, *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983), the court will not apply that presumption to the discussion of whether an arbitration agreement was formed, *see Granite Rock*, 130 S. Ct. at 2858 (2010).  The court erred in doing so in its prior opinion.

      Because the FHTM policies and procedures authorize FHTM to amend the Agreement — meaning, collectively, the FHTM application and agreement, the FHTM trainer/coach agreement, the policies and procedures, and the marketing and compensation plan — at any time in its sole and absolute discretion, the agreement to arbitrate is illusory and lacks consideration.  "Consideration is an essential element of every contract." *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 315 (6th Cir. 2000)(citing *Cuppy*, 378 S.W.2d at 632 (Ky. Ct. App. 1964)).

A promise may act as consideration but only if "it creates a binding obligation" on each promisor. *Id.* (citing *David Roth's Sons, Inc. v. Wright and Taylor, Inc.*, 343 S.W.2d 389, 390 (Ky. Ct. App. 1961)). When the promisor has no true fixed obligation to perform, the contract is illusory and lacks consideration. *See David Roth's Sons, Inc.*, 343 S.W.2d at 391. In this case, FHTM has no fixed obligation to arbitrate. Even though both the FHTM application and agreement and policies and procedures contain arbitration agreements, the policies and procedures (which are incorporated into the application and agreement, R.1-2, p.7, and supersede and prevail over any conflicting terms in the application and agreement, R.27-1, p.4), provide FHTM the sole discretionary authority to amend FHTM documents at any time. R.1-2, p.7.

By retaining the right to amend the documents "in its sole and absolute discretion," FHTM has no binding obligation to arbitrate. R.1-2, p.7; *see also David Roth's Sons, Inc.*, 343 S.W.2d at 390 (Ky. Ct. App. 1961). At any point, after providing only notice of the amendment, FHTM could amend the policies and procedures or the application and agreement to either alter or remove entirely the arbitration agreements. This means that the unilateral-amendment provision of the policies and procedures renders illusory any alleged promise to arbitrate by FHTM, and FHTM's promise to arbitrate cannot act as consideration for the arbitration agreement. *Floss*, 211 F.3d at 315 (6th Cir. 2000); *see also Daniel Boone Coal Co. v. Miller*, 217 S.W. 666 (Ky. 1920).

The agreement to arbitrate is illusory despite the requirement that FHTM

must provide notice to IRs of any amendment to the application and agreement or policies and procedures documents. A notice provision can constitute sufficient consideration for an otherwise illusory contract by limiting a party's ability to unilaterally amend or terminate an agreement, *see Morrison v. Circuit City Stores*, 317 F.3d 646 (6th Cir. 2003); *see also Seawright v. Am. Gen. Fin., Inc.*, 507 F.3d 967 (6th Cir. 2008). The provision at issue, however, does not provide for *advance* notice. Amendments to any of the FHTM documents are "effective upon notice to IRs that the Agreement has been modified." R.1-2, p.7. Notice is accomplished by publishing the amendment in official FHTM materials, including posting it on the FHTM website, e-mailing it to IRs, broadcasting it over voice mail, or including it in FHTM periodicals. Notice is "deemed received by the IR upon posting." R.1-2, p.7.

The FHTM agreement is distinguishable from the agreement in *Morrison*, which was upheld, because in that case an employer had the authority to alter or terminate an agreement at the end of each year only "upon giving thirty days' notice [of the amendment or termination] to its employees." *Morrison*, 317 F.3d at 667 (6th Cir. 2003). The thirty-day provision is significant because the *Morrison* court found that it provided enough of a limitation on the employer's ability to terminate or amend the agreement to constitute consideration. *Id.* The notice provision was a promise "to maintain the arbitration agreement" for a specified period of time, thirty days. *Id.* at 668. In this case, the arbitration agreement appears closer to an agreement that may be altered with "unfettered discretion,"

5

*Floss*, 211 F.3d at 315, than the *Morrison* and *Seawright* arbitration agreements, which provided thirty-day and ninety-day grace periods, respectively, before amendments became effective.  The FHTM IRs are bound by an amendment as soon as it is published, R.1-2, p.7; thus, FHTM does not promise to maintain the arbitration agreement for a specified amount of time, and no mutuality of obligation to arbitrate exists.

Also, the agreement to arbitrate is illusory despite the fact that the agreement contains a survival provision.  The arbitration agreement in the policies and procedures provides that the "agreement to arbitrate shall survive any termination or expiration of the Agreement." R.1-3, p.10. The defendants argue that this provision restricts FHTM's right to modify or eliminate the arbitration provision, which means that FHTM does not have an "absolute right" to cancel or terminate the agreement.  *See Hale v. Cundari Gas Transmision Co.*, 454 S.W.2d 680, 684 (Ky. Ct. App. 1974)(stating that only an absolute right to terminate an agreement renders the agreement illusory).  The survival provision, however, does not eliminate FHTM's discretion to terminate or amend the arbitration agreement while the underlying contracts remain in effect; FHTM could even remove or alter the survival provision of the arbitration agreement under the authority of the amendment provision in the policies and procedures.

FHTM's promise to arbitrate is illusory and thus cannot act as consideration for an agreement to arbitrate with the plaintiffs.  Because this finding renders moot the plaintiffs' remaining arguments regarding whether an agreement to arbitrate

6

was formed, the court rescinds its prior ruling on the issues of whether FHTM sponsors had implied authority to bind the plaintiffs to an arbitration agreement and whether the plaintiffs ratified their contracts with FHTM. Those issues will be resolved at the appropriate time, as either questions of law or questions of fact, after the parties have had sufficient opportunity for full discovery and have thoroughly briefed the issues. Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to alter or amend the court's order compelling arbitration and dismissing this action, R.67, is **GRANTED**.

**IT IS FURTHER ORDERED** that the court's order granting the defendant's motion to compel arbitration and dismiss or stay the action, R.66, is **RESCINDED**.

**IT IS FURTHER ORDERED** that the parties shall file a Rule 26(f) joint written report with proposed deadlines no later than 30 days from the date of entry of this order.

Signed on September 13, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

7